## Gillen v. Walker

*Peter J. O'Brien,* for plaintiff.

*George A. Spohrer* of *Hourigan, Kluger & Spohrer Associates* and *James T. Kitson,* for defendants.

MARSH, J., June 26, 1974.—Plaintiff instituted this action against defendants by filing a complaint on or about October 31, 1969. Plaintiff seeks damages for personal injuries and property damage allegedly sustained on October 6, 1968, when he was a guest in defendants' motor lodge which was destroyed by fire. Defendants filed preliminary objections to the complaint following which plaintiff filed an amended complaint on September 10, 1973. Defendants again filed preliminary objections in the nature of a motion for a more specific pleading, a motion to strike off the complaint and a demurrer.

In plaintiff's original complaint, the fair import of the cause of action was based on: (1) negligently allowing a fire to be caused, and (2) when a fire was in process, the failure to provide proper methods of safety and escape, as well as warning devices and fire resistant construction. In the amended complaint, plaintiff has abandoned the allegation that the fire was caused by the negligence of defendants, and narrows his claim to be based solely on the fact that when a fire was there, regardless of how it was caused, defendants had failed to provide an adequate warning system, fire resistant construction and adequate methods of escape. The amended complaint specifically states the numerous violations of the Act of January 14, 1952, P. L. (1951) 1889, sec. 1, (Fire and Panic Act) 35 PS §1221, et seq., but for which plaintiff would not have been required to jump from a burning building. This is sufficient allegation and the "but

for" test is satisfied in that but for the lack of other escape, he was required to jump from the building; but for the lack of warning he was required to jump from the building; and but for the lack of fire resistant materials, he was required to jump from the building.

As for paragraphs 2 and 3 under I of motion for more specific pleading, depositions and discovery provide adequate remedy for defendants to advise themselves in that plaintiff has sufficiently broken the causes down into categories which are readily identifiable. The value of requiring them to be broken down in the pleading by requiring an amended complaint does not balance out with the ease with which interrogatories may discover the same. Therefore, defendants' request for a more specific complaint is denied.

Defendants' motion to strike off the complaint as introducing a new cause of action is dismissed for the reason that it is not a new cause of action, but an elimination of one of two causes of action formerly pleaded in the original complaint.

The motion for demurrer is denied in that the amended complaint specifically states various violations of the act, supra, which forced plaintiff to flee the building by method of jumping from the window. There may, of course, be area for demurrer for failure to prove, but as to the allegations showing a cause, plaintiff's amended complaint sufficiently alleges facts.

## ORDER

And now, June 26, 1974, the preliminary objections to plaintiff's complaint based on: (1) motion for more specific pleading; (2) motion to strike off the complaint, and (3) demurrer, are denied and defendants are given 20 days to answer.